UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VANIR CONSTRUCTION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORMOND BUILDERS, INC., an Idaho corporation, <br><br> Defendant. | Case No. 4:25-cv-00220-AKB <br><br> **MEMORANDUM DECISION AND ORDER** |

  Before the Court is Defendant Ormond Builders, Inc.'s Motion to Compel Arbitration and Stay Proceedings and Alternative Motion to Dismiss (Dkt. 9). Big-D Construction Corp. previously joined the motion; however, after the motion was filed, the parties stipulated to dismiss Big-D (Dkt. 20), rendering its joinder moot. Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the record and the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is denied.

### BACKGROUND

**A. The Construction Contracts and Indemnification Provisions**

  Plaintiff Vanir Construction Management, Inc. ("Vanir") is a California corporation with its headquarters in Sacramento, California (Dkt. 1 ¶ 1). On July 14, 2015, the Shoshone-Bannock Tribes ("SBT") retained Vanir to serve as SBT's Owner's Representative for a casino expansion

**MEMORANDUM DECISION AND ORDER - 1**

project located on the Fort Hall Reservation in Fort Hall, Idaho (the "Project") (*id.* ¶ 8). Defendant Ormond Builders, Inc. ("Ormond") is an Idaho corporation that was selected as the general contractor for the Project in 2016 (*id.* ¶¶ 2, 9).

In September 2016, Ormond and SBT entered into a written construction agreement titled the "Shoshone-Bannock Tribes Facility Contract" (the "SBT-Ormond Contract") (*id.* ¶ 10; Ex. A). The contract incorporated by reference the "Conformance Set Volume 1 (Divisions 00 to 12)," which contained the General Conditions governing the Project (*id.*). Section 5.22 of the General Conditions includes an indemnification provision requiring the contractor to "defend, indemnify and hold" SBT and certain identified entities—including Vanir—harmless from claims, damages, losses, and attorney fees arising out of or in connection with performance of the agreement, except for injuries and damages SBT caused by its sole negligence (*id.* ¶ 11; Ex. A at 60).

Vanir and SBT identified more than 100 non-conformance issues attributed to Ormond's construction work, including alleged life-safety issues and other contract deviations (*id.* ¶ 12). The Project was delayed, and Ormond was ultimately terminated (*id.* ¶¶ 12, 14x). After terminating Ormond, SBT entered into a separate contract with Big-D Construction Corp. ("Big-D") in April 2018 (*id.* ¶ 15; Ex. B). The SBT-Big-D contract incorporated by reference the existing Project Contract Documents, including the General Conditions and the Section 5.22 indemnification provision naming Vanir as an indemnitee (*id.* ¶ 16). Big-D completed the Project, and the casino opened on February 14, 2019 (*id.* ¶ 17). After the opening, SBT observed issues with stone masonry installed as part of the Project, including masonry becoming detached from both the interior and exterior of the building (*id.* ¶¶ 18–19).

**MEMORANDUM DECISION AND ORDER - 2**

B.   **The Underlying Tribal-Court Litigation**

On February 21, 2023, SBT and the Fort Hall Business Council ("FHBC") filed a complaint against Vanir in the Shoshone-Bannock Tribal Court (the "Underlying Case") *(id.* ¶¶ 20–21). In that action, SBT and FHBC asserted claims for negligence, breach of contract, indemnification, and unjust enrichment, seeking to hold Vanir responsible for damages allegedly caused by Ormond's construction work and Big-D's masonry installation *(id.* ¶¶ 21, 23–24). By trial, SBT and FHBC were seeking more than $3.2 million in damages *(id.* ¶ 21).

A jury trial was held between February 6 and February 25, 2025 *(id.* ¶¶ 22–25). The jury returned a verdict in favor of Vanir, finding that Vanir did not breach its contract with SBT, and the remaining claims were dismissed *(id.* ¶¶ 25–26). On March 31, 2025, the tribal court denied SBT and FHBC's motion for a new trial *(id.* ¶ 26). SBT and FHBC filed a notice of appeal on March 14, 2025 *(id.* ¶ 28). Vanir alleges that, in defending the Underlying Case, it incurred $1,095,008.95 in attorney fees and $186,584.39 in costs through April 1, 2025, with additional fees and costs continuing to accrue *(id.* ¶¶ 27–28).

C.   **Indemnification Demands and This Action**

On April 4, 2025, Vanir demanded that Ormond and Big-D indemnify Vanir for the attorney fees and costs it incurred in the Underlying Case pursuant to the indemnification provisions in the Project contracts *(id.* ¶¶ 29–31). Ormond declined indemnification *(id.* ¶31). Thereafter, Vanir filed this action asserting claims for contractual indemnification and breach of contract against Ormond, alleging that Vanir is an intended third-party beneficiary of the indemnification obligations in the Project contracts *(id.* ¶¶ 32–40). Ormond moves to compel arbitration and stay these proceedings, or alternatively to dismiss the Complaint (Dkt. 9).

The arbitration clause at issue provides:

**MEMORANDUM DECISION AND ORDER - 3**

> <u>Arbitration</u>: Any Dispute (as defined in the next sentence) between the parties shall be resolved by binding arbitration in accordance with the terms of this Section. A "Dispute" shall mean any action, dispute, claim, or controversy of any kind, whether in contract or tort, statutory or common law, legal or equitable, now existing or hereafter arising under or in connection with, or in any way pertaining to, any of the Contract Documents, or any activities, transactions, or obligations of any kind related directly or indirectly to any of the Contract Documents, including any of the foregoing arising in connection with the exercise of any self-help, ancillary, or other remedies pursuant to any of the Contract Documents. Any party may by summary proceedings bring an action in court to compel arbitration of a Dispute, subject to Section 8.02E below. Anyone who fails or refuses to submit to arbitration following a lawful demand by any other party shall bear all costs and expenses incurred by such other party in compelling arbitration of any Dispute.

(Dkt. 1 at 102).

## LEGAL STANDARD

The Federal Arbitration Act (FAA) controls the enforcement of arbitration clauses. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Section 2 of the FAA makes arbitration agreements "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Section 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims. 9 U.S.C. § 3. Importantly, however, § 4 provides that "a party aggrieved by the alleged failure, neglect, or refusal of another party to arbitrate under a written agreement for arbitration may petition" for an order directing the parties to arbitrate. 9 U.S.C. § 4.

A court applies the summary judgment standard to motions to compel arbitration. *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Accordingly, the Court must determine whether there is a genuine dispute of material fact as to the making of the arbitration agreement. *Id.* at 671. If there is no genuine dispute, the Court may compel arbitration as a matter of law. *Id.* However, if a genuine dispute of material fact exists, the Court must proceed summarily to trial. 9 U.S.C. § 4.

The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771

F.3d 559, 565 (9th Cir. 2014). In deciding whether to compel arbitration, the Court draws all reasonable inferences in favor of the nonmoving party.

## ANALYSIS

A.  **Vanir Is Not a Party to Any Arbitration Agreement**

The Project contracts define the contracting "Parties" as the Owner and the Contractor. (Dkt. 1 Ex. A at 1; Ex. B at 1). Although the arbitration clause uses the lower-case term "parties," the contracts as a whole define the "Parties" as the Owner and the Contractor only. Vanir is not identified as a party, is not a signatory, and did not execute any agreement containing an arbitration clause.

Under Idaho law, where an arbitration clause is expressly limited to disputes "between the parties," a non-signatory may not be compelled to arbitrate, even if it is a third-party beneficiary of other contractual provisions. *Rath v. Managed Health Network, Inc.*, 844 P.2d 12, 13 (1992). Because Vanir did not agree to arbitrate disputes with Ormond, and because the arbitration clause is limited by its plain language to disputes between the contracting parties, Ormond has not carried its burden to establish the existence of a valid agreement to arbitrate Vanir's claims.

B.  **Third-Party Beneficiary Status Does Not Supply Consent to Arbitrate**

Ormond argues that Vanir's assertion of third-party beneficiary rights under the indemnification provisions requires it to accept the arbitration clause contained elsewhere in the contracts. Idaho law does not support this assertion, however, and Ormond's reliance on *Clearwater REI, LLC v. Boling*, 318 P.3d 944 (2014), is unavailing.

*Clearwater* did not broaden the class of persons who may be compelled to arbitrate; rather, it reaffirmed that arbitration is a matter of consent and that the "scope" of an arbitration clause concerns the claims subject to arbitration—not the persons bound by the agreement. *Id.* at 950–51.

MEMORANDUM DECISION AND ORDER - 5

In *Clearwater*, the Idaho Supreme Court expressly refused to compel arbitration against non-signatories notwithstanding allegations of agency, third-party-beneficiary status, and equitable estoppel, emphasizing that Idaho Code § 7-901 authorizes arbitration only of controversies "between the parties." Clearwater, 318 P.3d at 951–54.

Federal courts applying Idaho law have reached the same conclusion. For example, in *Peregrine Falcon LLC v. Piaggio Am., Inc*, No. 1:15-CV-00568-BLW, 2016 WL 4492811, at *8–9 (D. Idaho Aug. 24, 2016), *aff'd sub nom. Peregrine Falcon, LLC v. Piaggio Am., Inc.*, 720 F. App'x 863 (9th Cir. 2018), the court relied on *Rath* and *Lewis* to hold that a third-party beneficiary could not be compelled to arbitrate where the arbitration provision was expressly limited to disputes "between the parties," even though the beneficiary's claims were otherwise within the substantive scope of the clause. Taken together, *Clearwater* and *Peregrine Falcon* confirm that Idaho law does not permit compelling arbitration against a non-signatory where, as here, the arbitration agreement by its plain terms applies only to disputes between the contracting parties.

More broadly, in *Tolley v. THI Co.*, 92 P.3d 503, 512–13 (2004), the Idaho Supreme Court held that a third-party beneficiary may enforce contractual benefits without being bound by provisions that, by their terms, apply only to the contracting parties. Here, nothing in the Project contracts reflects an intent to bind non-party indemnitees to arbitration. Vanir's reliance on the indemnification provisions therefore does not supply the missing consent to arbitrate.

C.  **Agency Theory Is Waived and Unavailing**

Ormond argues for the first time on reply that Vanir should be compelled to arbitrate because it acted as SBT's "Owner's Representative" and therefore functioned as SBT's agent. Arguments raised for the first time in reply are waived, however. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003).

MEMORANDUM DECISION AND ORDER - 6

Defendants' argument also fails regardless. The indemnification provision identifies Vanir by name—not merely as the "Owner's Representative"—and nothing in the contracts suggests that Vanir's representative agency status should be imputed into that separate, express grant of indemnity when the parties did not use that language. Moreover, Vanir does not assert rights on behalf of SBT, and SBT is not pursuing indemnification. Vanir seeks to enforce indemnification obligations expressly granted to it in its own capacity as a named indemnitee.

Finally, the arbitration provision applies only to disputes "between the parties," which the contracts define as the Owner and the Contractor. The Court will not rewrite the arbitration clause to include the Owner's Representative or the Owner's agents within its scope, and Ormond cites no authority holding that an owner's representative is bound to arbitrate under an owner–contractor agreement by virtue of that role alone.

### D.     Motion to Dismiss

As an alternative to compelling arbitration, Ormond moves to dismiss the complaint under Rule 12(b)(1) and (b)(3) of the Federal Rules of Civil Procedure, arguing that if Vanir's claims are subject to mandatory arbitration, the Court lacks subject-matter jurisdiction and venue is improper. This request is entirely derivative of Ormond's arbitration theory. Because arbitration is not compelled, the asserted jurisdictional and venue defects do not apply.

Accepting the Complaint's allegations as true and drawing all reasonable inferences in Vanir's favor, the Court concludes that Vanir has plausibly stated claims for relief. Whether Vanir ultimately can prove entitlement to indemnification is not before the Court at this stage.

## CONCLUSION

For the foregoing reasons, Defendant Ormond Builders, Inc.'s Motion to Compel Arbitration and Stay Proceedings and Alternative Motion to Dismiss (Dkt. 9) is **DENIED**. Big-D Construction Corp.'s prior joinder (Dkt. 12) is **MOOT** in light of its stipulated dismissal (Dkt. 20).

DATED: February 18, 2026

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge